UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELHAMEAD IBRAHIM, ABDULLAH IBRAHIM, NORA ELSOKKARY, and HAJAR IBRAHIM,<br><br>Plaintiffs,<br><br>v.<br><br>MARK EVANGELHO, and STEVEN FERNANDES,<br><br>Defendants. | Case No. 15-cv-00108 NC<br><br>**FINAL JURY INSTRUCTIONS** |

## I.    Introduction

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the

Case No. 15-cv-00108 NC

evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## II.   Burden of Proof

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

## III.  Evidence

### A.    Evidence You May Consider

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.

### B.    Things You May Not Consider

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of

them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### C.    Taking Notes

You may have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### D.    Transcript of Video Recording

You watched some recordings that were received into evidence.  During the recording, you were given a transcript to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you heard something different than what appeared in the transcript, what you heard is controlling.  You will not have a copy of the transcript during your deliberations.

### E.    Stipulations of Fact

The parties have agreed to certain facts that have been read to you.  You should therefore treat these facts as having been proved.

### F.    Types of Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  For example, direct evidence that it was raining would be a photo showing that it was raining

on a given day.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  For example, circumstantial evidence that it was raining would be testimony of a witness who said they believed it was raining, not because they saw the rain, but because they saw a person entering the building with a wet umbrella.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give, if any, to any evidence.

### G.    Use of Interrogatories of a Party

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

### H.    Use of Request for Admission of a Party

Before trial, each party has the right to ask another party to admit in writing that certain facts are true.  If the other party admits those facts, you must accept them as true and conclusively proved in this case.

### I.    The Court's Ruling on Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered, and the exhibit cannot be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been or what the document might have said.  My rulings are not intended to influence your decision.  Your decisions must be based entirely on the testimony and documents received into evidence.

Sometimes I ordered that evidence be stricken from the record and that you

disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

### J.     Bench Conferences and Recesses

From time to time during the trial, it may have been necessary for me to talk with the attorneys out of the hearing of the jury. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

I may not have always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## IV.  Witnesses

### A.     Evaluation of Witness Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### B.     Impeachment Evidence

The evidence that a witness lied under oath or gave different or inconsistent

testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much, if any, weight to give to that witness's testimony.

### C.   Deposition Testimony

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded by written transcript and sometimes video recording.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

If testimony is read, rather than played back from a recording, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

You heard or viewed only a portion, or series of portions, of the depositions taken by the parties in this case.  Do not make any inferences about the fact that you did not hear or see the deposition in its entirety or that what you are heard or saw has been edited.

### D.  Impeachment Evidence

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## V.   Statement of the Claims

I will now instruct you on the law to apply in assessing the facts of this case. Plaintiffs bring the following claims: constitutional claims under 42 U.S.C. § 1983; negligence; battery; California civil rights claims; and intentional infliction of emotional distress.  You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

If you find for plaintiffs on any of their claims, you must determine each plaintiff's

damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence for compensatory damages and by clear and convincing evidence for state law punitive damages.  Compensatory damages means the amount of money that will reasonably and fairly compensate plaintiffs for any injury you find was caused by one or both defendants.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

I will now instruct you on the law you must apply to decide each claim in the case.

## VI.   Constitutional Claims Under 42 U.S.C. § 1983

Plaintiffs bring claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In order to prevail on their § 1983 claims against defendants, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Defendants acted under color of state law; and
2. the acts of defendants deprived plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that the defendants acted under color of state law.

If you find plaintiffs have proved all the elements they are required to prove under the following instructions on the alleged constitutional violations, your verdict should be for plaintiffs.  If, on the other hand, you find that plaintiffs have failed to prove any one or more of these elements, your verdict should be for defendants.

United States District Court
Northern District of California

United States District Court
Northern District of California

**A.    Unreasonable Search**

Plaintiffs have the burden to prove that the acts of Deputies Mark Evangelho and Steven Fernandes deprived plaintiffs of particular rights under the United States Constitution.  In this case, plaintiffs allege that defendants deprived them of their rights under the Fourth Amendment of the Constitution by searching their residence.

Under the Fourth Amendment, individuals have the right to be free from unreasonable searches of their residences.  In order to prove defendants deprived plaintiffs of this Fourth Amendment right, plaintiffs must prove the following elements by a preponderance of the evidence:

1.  Defendants Deputies Evangelho and Fernandes searched the plaintiffs' residence;

2.  in conducting the search, Deputies Evangelho and Fernandes acted intentionally; and

3.  the search was unreasonable.

This claim is brought by all plaintiffs against all defendants.

In general, a search of a person's residence is unreasonable under the Fourth Amendment if the search is not authorized by a search warrant.  A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing.

In this case, the parties stipulate that the officers did not have a search warrant. Instead, defendants assert two exceptions to the search warrant requirement, which I will describe.

In order to prove the search in this case was unreasonable, plaintiffs must prove by a preponderance of the evidence that an exception to the warrant requirement does not apply.

### 1.      Exigent Circumstances

A search warrant is not required and a search is reasonable if:

1. All of the circumstances known to Deputies Evangelho and Fernandes at the time would cause a reasonable person to believe that the entry or the search was necessary to prevent physical harm to a person inside the residence, and

2. there was insufficient time to get a search warrant.

### 2.      Emergency Aid

A search warrant is not required and a search is reasonable if:

1. Deputies Evangelho and Fernandes has reasonable grounds to believe that there was an emergency at hand and there was an immediate need to protect others from serious harm; and

2. there was a reasonable basis to associate the emergency with the area or place that was searched.

## B.      Unreasonable Seizure of a Person — Detention and Arrest

As previously explained, plaintiffs have the burden to prove that the acts of Deputies Evangelho and Fernandes deprived plaintiffs of particular rights under the United States Constitution.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his or her person.  All plaintiffs allege that they were unconstitutionally detained.  Abdelhamead and Abdullah Ibrahim alleges that they were unconstitutionally arrested.  In order to prove that defendants deprived plaintiffs of their right to be free from unreasonable seizure, plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. The deputies seized the plaintiff's person;

2. in seizing the plaintiff's person, the deputies acted intentionally; and

3. the seizure was unreasonable.

A defendant "seizes" a plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority.  A person's liberty is restrained

United States District Court
Northern District of California

when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his or her business.

In determining whether a reasonable person in plaintiff's position would have felt free to leave, consider all of the circumstances including,

1. the number of officers present;

2. whether weapons were displayed;

3. whether the encounter occurred in a public or nonpublic setting;

4. whether the officer's manner would imply that compliance would be compelled; and

5. whether the officers advise plaintiff that he was free to leave.

### 1. Reasonable Suspicion Detention

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officer at the time:

1. The officer had a reasonable suspicion that the person seized was engaged in criminal activity; and

2. the length and scope of the seizure was reasonable.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that the officer lacked reasonable suspicion to stop him or her or that the length or scope of the stop was excessive.

"Reasonable suspicion" is a particularized and objective basis for suspecting the plaintiff of criminal activity. The officer is permitted to draw on his own experience and specialized training to make inferences from and deductions about the cumulative information available to him.

In determining whether the length or scope of the seizure was reasonable, consider all of the circumstances, including:

1. the intrusiveness of the stop, such as the methods the police used, the restriction on the plaintiff's liberty, and the length of the stop; and

2. whether the methods used were reasonable under the circumstances;

### 2.  Probable Cause Arrest

In general, the seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, Abdelhamead and Adbullah Ibrahim must prove by a preponderance of the evidence that they were arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude that there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under California law, it is a crime to resist, delay, or obstruct officers in the discharge of their duties.

### C.    Unreasonable Seizure of a Person — Excessive Force

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest.  Thus, in order to prove an unreasonable seizure in this case, plaintiffs must prove by a preponderance of the evidence that defendants used excessive force during the detention, search, and arrest.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  An officer's intent or motive is not relevant to your inquiry.

All plaintiffs allege that Deputies Evangelho and Fernandes used excessive force on them.  You must assess the force used on each individual plaintiff.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.  the severity of the crime or other circumstances to which the officers were responding;

2.  whether plaintiffs posed an immediate threat to the safety of the officers or to others;

3.  whether plaintiffs were actively resisting arrest;

4.  the amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary;

5.  the type and amount of force used;

6.  the availability of alternative methods to subdue plaintiffs;

7.  the parties relative culpability, *i.e.*, which party created the dangerous situation, and which party is more innocent;

8.  whether it was practical for the officers to give warning of the imminent use of force and whether such warning was given;

9.  whether the officers were responding to a domestic violence disturbance; and

10. whether a reasonable officer would have or should have accurately perceived a mistaken fact.

### D.   Fourth Amendment — Unreasonable Seizure of Property

As previously explained, plaintiffs have the burden to prove that the act of the defendants deprived plaintiffs of particular rights under the United States Constitution.  In this case, plaintiff Nora Elsokkary alleges that defendant Deputy Evangelho deprived her of her Fourth Amendment right when Deputy Evangelho allegedly removed a knife from plaintiff's home and did not return it.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his or her property.  Plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      Deputy Evangelho seized the plaintiff's property;

2.      in seizing the plaintiff's property, Deputy Evangelho acted intentionally; and

3.      the seizure was unreasonable.

1    A person "seizes" the property of the plaintiff when the person takes possession of

2    or controls the property in a manner that meaningfully interferes with the plaintiff's right

3    to possess the property.

4    A person acts "intentionally" when the person acts with a conscious objective to

5    engage in particular conduct.  Thus, plaintiff must prove defendant meant to engage in the

6    acts that caused a seizure of the plaintiff's property.  Although plaintiff does not need to

7    prove defendants intended to violate the plaintiff's Fourth Amendment rights, it is not

8    enough if plaintiffs only prove the defendants acted negligently, accidentally or

9    inadvertently in conducting the search.

10   ### E.    First Amendment — Freedom to Record

11   Plaintiffs Abdelhamead, Abdullah, and Hajar Ibrahim allege that defendants

12   violated their First Amendment right to record the officers' conduct.  In order for plaintiffs

13   to recover for the alleged violation of their First Amendment rights of free speech and

14   expression, plaintiffs must prove by a preponderance of the evidence the following:

15       1.  Defendants acted under color of law;

16       2.  plaintiffs engaged in speech and freedom of expression protected under the First

17          Amendment in attempting to record;

18       3.  defendants took action against plaintiffs; and

19       4.  plaintiffs' protected speech or conduct was a substantial motivating factor in the

20          defendants' action.

21   If defendants prove that it is more likely true than not true that they would have

22   taken the same action against plaintiffs even if they had not engaged in activities protected

23   under the First Amendment, then plaintiffs cannot recover on this claim.

24   A substantial motivating factor is a significant factor.

25   Filming or videotaping of law enforcement officers engaged in their duties in a

26   public place or questioning a law enforcement officer's actions are activities protected by

27   the First Amendment so long as the filming or questioning does not unreasonably interfere

28   with the officer's performance of his duties.

*United States District Court*
*Northern District of California*

## VII. Negligence

All plaintiffs claim that they were harmed by the deputies' negligence. Each plaintiff must prove negligence as to each deputy. To establish the claim, the plaintiff must prove all of the following:

1. that Deputies Evangelho and Fernandes were negligent;

2. that plaintiff was harmed; and

3. that Deputies Evangelho and Fernandes' negligence was a substantial factor in causing plaintiff's harm.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or by failing to act.

A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in the deputies' situation.

### A.   Comparative Fault

Deputies Evangelho and Fernandes claim that the plaintiff's own negligence contributed to their harm. To succeed on this claim, the deputies must prove both of the following by a preponderance of the evidence:

1. that plaintiff was negligent; and

2. that plaintiff's negligence was a substantial factor in causing their harm.

If the deputies prove the above, the plaintiff's damages are reduced by your determination of the percentage of the plaintiff's responsibility. I will calculate the actual reduction.

### B.   Alternative Cause

You may decide that more than one of the defendants was negligent, but that the negligence of only one of them could have actually caused a plaintiff's harm. If you cannot decide which defendant caused a plaintiff's harm, you must decide that each

United States District Court
Northern District of California

defendant is responsible for the harm.

However, if a defendant proves that he did not cause a plaintiff's harm, then you must conclude that defendant is not responsible.

## VIII.  Battery

Plaintiffs claim that Deputies Evangelho and Fernandes harmed them by using unreasonable force to overcome their resistance and arrest them.  You must decide this claim as to each plaintiff's interaction with each defendant.

To establish this claim, plaintiffs must prove all of the following:

1.  that the deputies intentionally touched plaintiffs or caused plaintiffs to be touched;

2.  that the deputies used unreasonable force to overcome plaintiffs' resistance and arrest them;

3.  that plaintiffs did not consent to the use of that force;

4.  that plaintiffs were harmed;

5.  and that the deputies' use of  unreasonable force was a substantial factor in causing plaintiffs' harm.

Deputies may use reasonable force to arrest or detain a person when they have reasonable cause to believe that a person has committed a crime.  Even if the deputies are mistaken, a person being arrested or detained has a duty not to use force to resist the deputies unless the deputies are using unreasonable force.

In deciding whether Deputies Evangelho and Fernandes used unreasonable force, you must determine the amount of force that would have appeared reasonable to a deputy in Deputies Evangelho and Fernandes' positions under the same or similar circumstances. You should consider, among other factors, the following:

1.  the seriousness of the crime at issue;

2.  whether plaintiffs reasonably appeared to pose an immediate threat to the safety of the deputies or others; and

3.  whether plaintiffs were actively resisting arrest or attempting to evade arrest.

A deputy who makes or attempts to make an arrest is not required to retreat or cease from his efforts because of the resistance or threatened resistance of the person being arrested.

## IX.  California Civil Rights

Plaintiffs bring two claims under the California Civil Code for a violation of their state law civil rights.

### A.    Unruh Civil Rights Act

First, plaintiffs claim that the deputies denied them full and equal advantages and privileges because of their religion and ethnicity.  To establish this claim, plaintiffs must prove all of the following:

1. that each or both deputies denied and discriminated or made a distinction that denied full and equal advantages to plaintiffs;

2. that a substantial motivating reason for the deputies' conduct was their perception of plaintiffs' religion, ancestry, or national origin;

3. that plaintiffs were harmed; and

4. that the deputies' conduct was a substantial factor in causing the plaintiffs' harm.

For this claim, if you decide that plaintiffs have proven their claim against defendants, you may award damages based on the criteria that I will instruct you on shortly.  In addition, you may award plaintiffs up to three times the amount of their actual damages as a penalty against defendants.

### B.    Ralph Act

Second, all plaintiffs claim that defendants committed an act of violence, or a threat of violence, against them because of their religion and/or ethnicity. To establish this claim, plaintiffs must prove all of the following:

1. that defendants committed a violent act, or threatened a violent act, against plaintiffs;

2. that a reasonable person in plaintiffs' position would have believed that

defendants would carry out their threat and would have been intimidated by defendants' conduct;

3. that a substantial motivating reason for defendants' conduct was their perception of plaintiffs' religion and or ethnicity;

4. that plaintiffs were harmed; and

5. that defendants' conduct was a substantial factor in causing plaintiffs' harm.

For this claim, if you decide that plaintiffs have proven their claim against defendants, you must award damages based on the criteria that I will instruct you on shortly. In addition, you must award a civil penalty of $25,000.

## X.   Intentional Infliction of Emotional Distress

All plaintiffs claim that the deputies' conduct caused them to suffer severe emotional distress. To establish this claim, each plaintiff must prove all of the following:

1. that the deputies' conduct was outrageous;

2. that one or both deputies intended to cause plaintiff emotional distress;

3. that plaintiff suffered severe emotional distress; and

4. that one or both deputies' conduct was a substantial factor in causing plaintiff's severe emotional distress.

### A.   Outrageous Conduct

"Outrageous conduct" is conduct so extreme that it goes beyond all public bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether the deputies' conduct was outrageous, you may consider, among other factors, the following:

1. whether either or both deputies abused a position of authority or a relationship that gave them real or apparent power to affect the plaintiff's interests;

2. whether either or both deputies knew that the plaintiff was particularly

vulnerable to emotional distress; and

   3.  whether either or both deputies knew that their conduct would likely result in harm due to mental distress.

## B.   Reckless Disregard

Deputies Evangelho and Fernandes acted with reckless disregard in causing the plaintiff's emotional distress if:

   1.  either or both deputies knew that emotional distress would probably result from their conduct; or

   2.  either or both deputies gave little or no thought to the probable effects of their conduct.

## C.   Severe Emotional Distress

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.  The plaintiff is not required to prove physical injury to recover damages for severe emotional distress.

## XI.  Deputies' Affirmative Defense

Deputies Evangelho and Fernandes claim that they are not responsible for any plaintiff's harm, if any, because the deputies' conduct was permissible.  To succeed, the deputies must prove all of the following by a preponderance of the evidence:

   1.  that the deputies were exercising their legal right to investigate a potential crime, to use appropriate force to overcome resistance and to make an arrest;

   2.  that the deputies' conduct was lawful and consistent with community standards; and

   3.  that the deputies had a good-faith belief that they had a legal right to engage in the conduct.

If you find all of the above, then Deputies Evangelho and Fernandes' conduct was

United States District Court
Northern District of California

permissible.

## XII. Damages

### A.    Compensatory Damages

As I previously mentioned, if you find for the plaintiffs on any of their claims, you must determine each plaintiff's damages as to each defendant.  You should consider the following:

    1.  the nature and extent of any injuries;

    2.  any mental, physical, emotional pain and suffering experienced;

    3.  the amount of any necessary medical care or services incurred.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

### B.    Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

    1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.  the amount by which damages would have been mitigated.

### C.    Nominal Damages

The constitutional claims in this case authorize an award of nominal damages.  If you find for plaintiffs, but you find that plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages for the claims under 42 U.S.C. § 1983.  Nominal damages may not exceed one dollar.

### D.    Punitive Damages

If you find for the plaintiff, you may, but are not required to, find punitive damages are appropriate.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence for

1    plaintiffs' claims under 42 U.S.C. § 1983 and clear and convincing evidence for California

2    state law claims that punitive damages should be awarded.

3        You may find punitive damages are appropriate only if you find that the defendant's

4    conduct that harmed the plaintiff was malicious, oppressive, or in reckless disregard of the

5    plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is

6    for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's

7    rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety

8    or rights, or if the defendant acts in the face of a perceived risk that its actions will violate

9    the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant

10   injures or damages or otherwise violates the rights of the plaintiff with unnecessary

11   harshness or severity, such as by misusing or abusing authority or power or by taking

12   advantage of some weakness or disability or misfortune of the plaintiff.

## XIII.   Conduct of the Jury During Deliberations

### A.    Use of Electronic Technology To Conduct Research on or Communicate About A Case

15       During your deliberations, you must not communicate with or provide any

16   information to anyone by any means about this case.  You may not use any electronic

17   device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or

18   computer, the Internet, any Internet service, any text or instant messaging service, any

19   Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or

20   Twitter, to communicate to anyone any information about this case or to conduct any

21   research about this case until I accept your verdict. In other words, you cannot talk to

22   anyone on the phone, correspond with anyone, or electronically communicate with anyone

23   about this case.  You can only discuss the case in the jury room with your fellow jurors

24   during deliberations.  I expect you will inform me as soon as you become aware of another

25   juror's violation of these instructions.

26       You may not use these electronic means to investigate or communicate about the

27   case because it is important that you decide this case based solely on the evidence

United States District Court
Northern District of California

presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

You will be given a computer that has access only to files containing admitted evidence in this case. You should not use the computer for any other purpose.

**B.    Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**C.    Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Do not communicate with anyone in any way and do not let anyone else

2   communicate with you in any way about the merits of the case or anything to do with it.

3   This includes discussing the case (including the parties, evidence, witnesses or the

4   lawyers) in person, in writing, by phone or electronic means, via email, text messaging,

5   social media or any Internet chat room, blog, website or other feature.  This applies to

6   communicating with your family members, your employer, the media or press, and the

7   people involved in the trial.  If you are asked or approached in any way about your jury

8   service or anything about this case, you must respond that you have been ordered not to

9   discuss the matter and to report the contact to the court.

10   Do not read, watch, or listen to any news or media accounts or commentary about

11   the case or anything to do with it (including the parties, evidence, witnesses or the

12   lawyers); do not do any research, such as consulting dictionaries, searching the Internet or

13   using other reference materials; and do not make any investigation or in any other way try

14   to learn about the case on your own.

15   The law requires these restrictions to ensure the parties have a fair trial based on the

16   same evidence that each party has had an opportunity to address.  A juror who violates

17   these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to

18   any outside information, please notify the court immediately.

19   **D.     Communication with the Court**

20   If it becomes necessary during your deliberations to communicate with me, you

21   may send a note through the Courtroom Deputy, signed by your presiding juror or by one

22   or more members of the jury.  No member of the jury should ever attempt to communicate

23   with me except by a signed writing; I will communicate with any member of the jury on

24   anything concerning the case only in writing, or here in open court.  If you send out a

25   question, I will consult with the parties before answering it, which may take some time.

26   You are not to conclude from any time delays that the question is difficult to answer and

27   you are not to speculate that the time delay gives any indication as to what the answer is.

28   You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**E.     Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated:  November 10, 2016                    _____
                                            NATHANAEL M. COUSINS
                                            United States Magistrate Judge